[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARYJUDGMENT AGAINST INTERVENING PLAINTIFF
CT Page 750
This motion for summary judgment is made in the midst of a procedural and substantive labyrinth.
The plaintiff Dulce Ferreira brings this action against Aetna Insurance Company, her personal automobile insurance carrier to obtain benefits provided by Aetna under the uninsured-underinsured provisions of her automobile insurance policy. It is claimed that the underlying accident took place on June 3, 1991 and that the liability policy covering the other operator, one Dolores Berger is inadequate to satisfy the damages sustained by the plaintiff. Further, that the plaintiff's "stacked" uninsured motorist coverage with the defendant Aetna is greater in amount than the liability policy covering the Burger vehicle.
The defendant Aetna pleads, by special defense, that under the terms of the Aetna policy Aetna is entitled to reduce the coverage by all sums paid or payable because of bodily injury under any worker's compensation law.
The plaintiff responds by stating "the plaintiff denies that said terms are enforceable and/or applicable to the specific circumstances of the above captioned case. . ."
Hence a paramount issue between plaintiff and defendant is whether, in the context of this case, the purported contractual reduction for Worker's Compensation benefits is or is not enforceable.
The plaintiff's employer, Visiting Nurse and Home Care, Inc. has intervened in the case. The employer asserts what it claims to be a right to recover as against the Aetna coverage for Worker's Compensation payments, under the provisions of General Statutes § 31-293. Aetna filed a motion to strike the intervening complaint, claiming, in essence that the insured Ferreira's claim against it, Aetna, is in contract and not in tort, and hence General Statutes § 31-293 does not give to the employer a right to recover from the plaintiff's personal contract with Aetna.
This court, Honorable William Sullivan, J., by memorandum of decision filed February 3, 1995 denied the motion to strike CT Page 751 the intervening complaint.
The defendant Aetna thereafter filed this motion for Summary Judgment, attaching thereto a copy of the Aetna policy. The Aetna policy does, in fact, state, in Part C, Paragraph B as follows: "B This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any: 1 Worker's Compensation law".
In reviewing the memoranda of law submitted by the parties pertaining to the motion to strike, it is specifically noted that neither party called this contract provision to the attention of that court. In reviewing Judge William Sullivan's memorandum of decision on the motion to strike, it is noted that no reference is made, either directly or indirectly, as to the existence of any such contract provision.
That court's decision on the motion to strike must be understood in the context of the issues which were presented to the court by that motion. The motion to strike did not address the proposition of a double reduction in the plaintiff's claim, one reduction by contract and an additional reduction by virtue of a statutory reduction, for the same worker's compensation benefits.
"But a determination so made is not necessarily to be treated as an infallible guide to the court in dealing with all matters subsequently arising in the cause." Breen v. Phelps,186 Conn. 86, 99 (1982).
Contrary to the position taken by the intervening plaintiff, the employer, this motion is not determinable on the basis of "law of the case."
The dilemma presented by this motion should appear obvious. The policy exclusion, deducting worker's compensation benefits, is sanctioned by the Connecticut Insurance Commissioner, by virtue of the clear language of § 38-175a-6 of the Regulations of Connecticut State Agencies. The Connecticut Supreme Court, inWilson v. Security, Inc. Co., 213 Conn. 532, 537, 538 (1990) has sanctioned the adoption of that regulation. However, the question of a double deduction was not before the Supreme Court. This court cannot speculate as to how the Supreme Court would view the regulation in light of the potential jeopardy of a double deduction for worker's compensation benefits. This court CT Page 752 notes that the Supreme Court does emphasize the "protection of persons insured thereunder". Wilson v. Security Inc. Co.,
supra, at 538. When it is understood that a double deduction may in some instances exhaust the entire policy, hence providing no protection for the insured, then the matter of the propriety of the policy provision takes on an entirely different complexion.
The defendant insurer and the intervening employer appear to accept, or concede, the enforceability of the contract provision, in their briefs filed for this summary judgment motion. The court is therefore inferentially asked to reject the contention of the plaintiff employee, Ferreira, that the contract provision is unenforceable in the context of this case. The plaintiff is not a party to this motion for summary judgment, has not been heard on this motion, and has not waived or abandoned her position that the contract provision is unenforceable. This court declines to either inferentially or directly reject, or for that matter to accept, the plaintiff's contention that the contract provision is unenforceable in the context of this case. That issue is not before the court in the framework of this motion.
The issues presented by the positions of the respective parties in this action are inherently intertwined. They cannot be rationally decided separate and apart from each other. Bifurcating and independently deciding interdependent issues is neither procedurally or substantively appropriate. Hence the court denies the motion for summary judgment as the motion is not appropriate to address the issues presented by the motion.
L. PAUL SULLIVAN, J.